# DEX 2

United States Department of Justice — Intergovernmental Agreement
United States Marshals Service — Housing of Fe[deral] Prisoners



1. AGREEMENT NUMBER: 84-00-0013

2. EFFECTIVE DATE: 11/1/99

3. REQUEST FOR DETENTION SERVICES (RDS) NO. [redacted]

4. ISSUING OFFICE

UNITED STATES MARSHALS SERVICE
PRISONER SERVICES DIVISION
IGA SECTION
600 ARMY NAVY DRIVE
ARLINGTON, VA 22202-4210

5. LOCAL GOVERNMENT — FACILITY CODE(S): 3SV

NAME AND ADDRESS:
Central Virginia Regional Jail
13021 James Madison Highway
Orange, VA 22960

Contact Person: Sterling Profitt, Superintendent
Area Code & Telephone No.➤ [redacted]

6. APPROPRIATION DATA

[redacted]

| 7. ITEM NO. | 8. SUPPLIES/SERVICES | 9. QUANTITY | 10. UNIT | 11. UNIT PRICE | 12. AMOUNT |
|---|---|---|---|---|---|
| | This agreement is for the housing, safekeeping, and subsistence of federal prisoners, including guard/transportation to medical facility and U.S. Courthouse, in accordance with the contents set forth herein. | ESTIMATED USMS PRISONER DAYS<br>54,750 | PDs | FIXED PER DIEM RATE<br>[redacted] | ESTIMATED ANNUAL PAYMENT<br>[redacted] |
| | Mileage reimbursement per GSA Travel Regulations. | ESTIMATED GUARD HRS<br>5,836<br>75,807 | GHs<br>MIs | [redacted] | [redacted] |
| | The Intergovernmental Agreement Number J-A84-M-957 is canceled and the new number is as stated in Block No. 1. | | | | |

13. *AGENCY CERTIFYING*

*To the best of my knowledge and belief, data submitted is in support of this agreement is true and correct, the document has been duly authorized by the governing body of the Department or Agency and the Department or Agency will comply with ALL PROVISIONS SET FORTH HEREIN.*

14. NAME AND TITLE OF LOCAL GOVERNMENT AUTHORIZED TO SIGN AGREEMENT

[redacted] Date 3-21-00
(Signature)

[redacted] - Superintendent
NAME (*Type or Print*)

15. PRISONER TYPE TO BE INCLUDED

| UNSENTENCED | SENTENCED |
|---|---|
| ☒ Adult Male | ☒ Adult Male |
| ☒ Adult Female | ☒ Adult Female |
| ☐ Juvenile | ☐ Juvenile |
| ☐ INS | ☒ BOP |

16. LEVEL OF USE
- ☐ Minimum (0-249)
- ☐ Medium (250-999)
- ☒ Major (1,000+)

00 MAR 29 9:22

17. NAME OF AUTHORIZING OFFICIAL

[redacted]
NAME (*Type or Print*)

[redacted]
(*SIGNATURE OF CONTRACTING OFFICER*) DATE: 2/29/00

PRIOR EDITIONS ARE OBSOLETE AND ARE NOT TO BE USED

FORM USM-241 (Rev. 3/99)

| Intergovernmental Service Agreement Schedule | IGA No. 84-00-0013 | Page No. 2 of 10 |
|---|---|---|

ARTICLE I - PURPOSE AND SECURITY PROVIDED

The purpose of this Intergovernmental Service Agreement (GA) is to establish a formal binding relationship between the United States Marshals Service (USMS) and other federal user agencies (the Federal Government) and Central Virginia, Fluvanna, Greene, Louisa, Madison, Orange County (the Local Government) for the detention of persons charged with or convicted of violations of federal law or held as material witnesses (federal prisoners) at the Central Virginia Regional Jail (the facility).

The Local Government agrees to accept and provide for the secure custody, care and safekeeping of federal prisoners in accordance with state and local law, standards, policies, procedures, or court orders applicable to the operations of the facility. The USMS considers all federal prisoners medium/maximum security-type prisoners that are housed within the confines of the facility, at a level appropriate for prisoners considered a risk of flight, a danger to the community, or wanted by other jurisdictions.

ARTICLE II - ASSIGNMENT AND CONTRACTING OF CATEGORICAL PROJECTED-SUPPORTED EFFORT

1. Neither this agreement nor any interest therein may be assigned or transferred to any other party without prior written approval by the USMS.

2. None of the principal activities of the project-supported effort shall be contracted out to another organization without prior approval by the USMS. Where the intention to award contracts is made known at the time of application, the approval may be considered granted if these activities are funded as proposed.

3. All contracts or assignments must be formalized in a written contract or other written agreement between the parties involved.

4. The contract or agreement must, at a minimum, state the activities to be performed, the time schedule, the project policies, and the flow-through requirements that are applicable to the contractor or other recipient, other policies and procedures to be followed, the dollar limitation of the agreement, and the cost principles to be used in determining allowable costs. The contract or other written agreement must not affect the recipient's overall responsibility for the duration of the project and accountability to the government.

ARTICLE III - MEDICAL SERVICES

1. The Local Government agrees to provide federal prisoners with the same level of medical care and services provided to local prisoners, including the transportation and security for prisoners requiring removal from the facility for emergency medical services. All costs associated with hospital or health care services provided outside the facility will be paid directly by the Federal Government. In the event the Local Government has a contract with a medical facility/physician or receives discounted rates, the federal prisoners shall be charged the same rate as local prisoners.

| Intergovernmental Service Agreement Schedule | IGA No. 84-00-0013 | Page No. 3 of 10 |
|---|---|---|

2. The Local Government agrees to notify the United States Marshal (USM) as soon as possible of all emergency medical cases requiring removal of a prisoner from the facility and to obtain prior authorization for removal for all other medical services required.

3. When a federal prisoner is being transferred via the USMS airlift, he/she will be provided with three (3) to seven (7) days of prescription medication which will be dispensed from the detention facility. When possible, generic medications should be prescribed.

4. Medical records must travel with the federal prisoner. If the records are maintained at a medical contractor's facility, it is the detention facility's responsibility to obtain them before a federal prisoner is moved.

5. Federal prisoners will not be charged and are not required to pay their own medical expenses. These expenses will be paid by the Federal Government.

6. The Local Government agrees to notify the USM as soon as possible when a federal prisoner is involved in an escape, attempted escape, or conspiracy to escape from the facility.

ARTICLE IV - RECEIVING AND DISCHARGE

1. The Local Government agrees to accept as federal prisoners those persons committed by federal law enforcement officers for violations of federal laws only [redacted]

2. The Local Government agrees to release federal prisoners only to law enforcement officers of agencies initially committing the prisone[redacted] Those prisoners who are remanded to custody by a USM may only be released to a USM or [redacted] of the Judicial District.

3. The Federal Government agrees to maintain federal prisoner population levels at or below the level established by the facility administrator.

4. Federal prisoners may not be released from the facility or placed in the custody of state or local officials for any reason except for medical emergency situations. Federal prisoners sought for a state or local court proceeding must be acquired through a Writ of Habeas Corpus or the Interstate Agreement of Detainers and then only with the concurrence of the District USM.

ARTICLE V - PERIOD OF PERFORMANCE AND BEDSPACE GUARANTEE

The recipient shall, at the request of the U.S. Marshal, provide detention space and services for one hundred (100) federal prisoners each day from the date of acceptance of this agreement until the completion of the project (s) listed in Schedule B and for one hundred fifty (150) federal prisoners in USMS custody each day at the Central Virginia Regional Jail for a period of fifteen (15) years commencing on the date of completion of all project (s) listed in Schedule B and the Fulfillment of payments by the USMS. This Agreement incorporates fifty (50) bedspaces under [redacted] for a total of 150 bedspaces.

| Intergovernmental Service Agreement Schedule | IGA No. 84-00-0013 | Page No. 4 of 10 |
|---|---|---|

Bedspaces allocation: 100 bedspaces for Western District of Virginia and 50 bedspaces for District of Columbia District Court.

ARTICLE VI - PER DIEM RATE AND ECONOMIC PRICE ADJUSTMENT

1. Per diem rates shall be established on the basis of actual and allowable costs associated with the operation of the facility during a recent annual accounting period.

2. The Federal Government shall reimburse the Local Government at the per diem rate identified on page one (1) of this agreement. The rate may be renegotiated not more than once per year, after the agreement has been in effect for twelve (12) months.

3. The rate covers one (1) person per "prisoner day." The Federal Government may not be billed for two (2) days when a prisoner is admitted one evening and removed the following morning. The Local Government may bill for the day of arrival, but not for the day of departure.

4. When a rate increase is desired, the Local Government shall submit a written request to the USM at least sixty (60) days prior to the desired effective date of the rate adjustment. All such requests must contain a completed Cost Sheet for Detention Services (USM-243) which can be obtained from the USM. The Local Government agrees to provide additional cost information to support the requested rate increase and to permit an audit of accounting records upon request of the USMS.

5. Criteria used to evaluate the increase or decrease in the per diem rate shall be those specified in the Office of Management and Budget (OMB) Circular A-87, Cost Principles for State, Local, and Indian Tribal Governments.

6. The effective date of the rate modification will be negotiated and specified on the IGA Modification form approved and signed by a USMS Contract Specialist. The effective date will be established on the first day of the month for accounting purposes. Payments at the modified rate will be paid upon the return of the signed modification by the authorized Local Government official to the USM.

ARTICLE VII - BILLING AND FINANCIAL PROVISIONS

1. The Local Government shall prepare and submit original and separate invoices each month to the federal agencies listed below for certification and payment.

U.S. MARSHALS SERVICE
WESTERN DISTRICT OF VIRGINIA
247 FEDERAL BUILDING
210 FRANKLIN ROAD, S.W.
ROANOKE, VA 24009
(540) 857-2230

FEDERAL BUREAU OF PRISONS
COMMUNITY CORRECTIONS OFFICE
POST OFFICE BOX 27743
310 NEW BERN AVENUE, ROOM 303
RALEIGH, NC 27611-7743
(919) 856-4548

2. To constitute a proper monthly invoice, the name and address of the facility, the name of each federal prisoner, their specific dates of confinement, the total days to be reimbursed, the appropriate per diem rate as approved in the IGA, and the total amount billed (total days multiplied by the rate per day) shall be listed. The name, title, complete address, and phone number of the local official responsible for invoice preparation should also be listed on the invoice.

3. The Prompt Payment Act, Public Law 97-177 (96 stat. 85, 31 USC 1801), is applicable to payments under this agreement and requires the payment to the Local Government of interest on overdue payments. Determinations of interest due will be made in accordance with the provisions of the Prompt Payment Act and 5 CFR, Part 1315.

4. Payment under this agreement will be due on the thirtieth (30th) calendar day after receipt of a proper invoice, in the office designated to receive the invoice. If the due date falls on a non-working day (e.g., Saturday, federal holiday), then the due date will be the next working day. The date of the check issued in payment shall be considered to be the date payment is made.

**NOTE: RATES NOT SPECIFIED IN THE AGREEMENT WILL NOT BE AUTHORIZED FOR PAYMENT.**

ARTICLE VIII - SUPERVISION AND MONITORING RESPONSIBILITY

All recipients receiving direct awards from the USMS are responsible for the management and fiscal control of all funds. Responsibilities include the accounting of receipts and expenditures, cash management, the maintaining of adequate financial records, and the refunding of expenditures disallowed by audits.

ARTICLE IX - ACCOUNTING SYSTEMS AND FINANCIAL RECORDS

1. The recipient shall be required to establish and maintain accounting systems and financial records that accurately account for the funds awarded. These records shall include both federal funds and all matching funds of state, local, and private organizations. State and local recipients shall expend and account for funds in accordance with state laws and procedures for expending and accounting for its own funds, as well as meet the financial management standards in 28 Code of Federal Regulations (CFR), Part 66, and current revisions of OMB Circular A-87.

2. Recipients are responsible for complying with OMB Circular A-87 and 28 CFR, Part 66, and the allowability of the costs covered therein (submission of Form USM-243). To avoid possible subsequent disallowance or dispute based on unreasonableness or unallowability under the specific cost principles, recipients must obtain prior approval on the treatment of special or unusual costs.

| Intergovernmental Service Agreement Schedule | IGA No. 84-00-0013 | Page No. 6 of 10 |
| --- | --- | --- |

3. Changes in IGA facilities: The USMS shall be notified by the recipient of any significant change in the facility, including significant variations in inmates populations, which causes a significant change in the level of services under this IGA. The notification shall be supported with sufficient cost data to permit the USMS to equitably adjust the per diem rates included in the IGA. Depending on the size of the facility for purposes of assessing changes in the population, a 10% increase or decrease in the prison population shall be a "significant increase or decrease" for purposes of this subsection.

ARTICLE X - MAINTENANCE AND RETENTION OF RECORDS AND ACCESS TO RECORDS

1. In accordance with 28 CFR, Part 66, all financial records, supporting documents, statistical records, and other records pertinent to contracts or sub-awards awarded under this IGA shall be retained by each organization participating in the program for at least three (3) years for purposes of federal examination and audit.

2. The 3-year retention period set forth in paragraph one (1) above, begins at the end of the first year of completion of service under the IGA. If any litigation, claim, negotiation, audit, or other action involving the records has been started before the expiration of the 3-year period, the records must be retained until completion of the action and resolution of all issues which arise from it or until the end of the regular 3-year period, whichever is later.

3. Access to Records: The USMS and the Comptroller General of the United States, or any of their authorized representatives, shall have the right of access to any pertinent books, documents, papers, or other records of recipients or its sub-recipients/contractors, which are pertinent to the award, in order to make audits, examinations, excerpt, and transcripts. The rights of access must not be limited to the required retention period, but shall last as long as the records are retained.

4. Delinquent Debt Collection: The USMS will hold recipient accountable for any overpayment, audit disallowance, or any breach of this agreement that results in a debt owed to the Federal Government. The USMS may apply interest, penalties, and administrative costs to a delinquent debt owed by a debtor pursuant to the Federal Claims Collection Standards.

ARTICLE XI - GOVERNMENT FURNISHED PROPERTY

1. It is the intention of the USMS to furnish excess federal property to local governments for the specific purpose of improving jail conditions and services. Accountable excess property, such as furniture and equipment, remains titled to the USMS and shall be returned to the custody of the USMS upon termination of the agreement.

2. The Local Government agrees to inventory, maintain, repair, assume liability for, and manage all federally provided accountable property as well as controlled excess property. Such property cannot be removed from the jail without the prior written approval of USMS Headquarters. The loss or destruction of any such excess property shall be immediately reported to the USM and USMS Headquarters. Accountable and controlled excess property includes any property with a unit acquisition value of $1,000 or more, all furniture, as well as equipment used for security and control, communication, photography, food service, medical care, inmate recreation, etc.

\

3. The suspension of use or restriction of bedspace made available to the USMS are agreed to be grounds for the recall and return of any or all government furnished property.

4. The dollar value of property provided each year will not exceed the annual dollar payment made by the USMS for prisoner support unless a specific exemption is granted by the Chief, Prisoner Services Division, USMS Headquarters.

5. It is understood and agreed that the Local Government shall fully defend, indemnify, and hold harmless the United States of America, its officers, employees, agents, and servants, individually and officially, for any and all liability caused by any act of any member of the Local Government or anyone else arising out of the use, operation, or handling of any property (to include any vehicle, equipment, and supplies) furnished to the Local Government in which legal ownership is retained by the United States of America, and to pay all claims, damages, judgments, legal costs, adjuster fees, and attorney fees related thereto. The Local Government will be solely responsible for all maintenance, storage, and other expenses related to the care and responsibility for all property furnished to the Local Government.

ARTICLE XII - MODIFICATIONS/DISPUTES

1. Either party may initiate a request for modification to this agreement in writing. All modifications negotiated will be written and approved by a USMS Contracting Officer and submitted to the Local Government on form USM 241a for approval.

2. Disputes, questions, or concerns pertaining to this agreement will be resolved between the USM and the appropriate Local Government official. Space guarantee questions along with any other unresolved issues are to be directed to the Chief, Prisoner Services Division.

ARTICLE XIII - INSPECTION

The Local Government agrees to allow periodic inspections of the facility by USMS Inspectors. Findings of the inspection will be shared with the facility administrator in order to promote improvements to facility operations, conditions of confinement, and levels of services. The mandatory minimum conditions of confinement which are to be met during the entire period of the IGA agreement are:

1. Adequate, trained jail staff will be provided 24 hour a day to supervise prisoners. Prisoners will be counted [redacted], but [redacted]. One of the counts must be visual to validate prisoner occupancy.

2. Jail staffing will provide full coverage of all security posts and full surveillance of inmates.

3. Jail will provide for three meals per day for prisoners. The meals must meet the nationally recommended dietary allowances published by the National Academy of Sciences.

4. Jail will provide 24-hour emergency medical care for prisoners.

| Intergovernmental Service Agreement Schedule | IGA No. 84-00-0013 | Page No. 8 of 10 |
|---|---|---|

5. Jail will maintain an automatic smoke and fire detection and alarm system, and maintain written policies and procedures regarding fire and other safety emergency standards.

6. Jail will maintain a water supply and waste disposal program that is certified to be in compliance with applicable laws and regulations.

ARTICLE XIV - CONFLICT OF INTEREST

Personnel and other officials connected with the agreement shall adhere to the requirements given below:

1. Advice. No official or employee of the recipient, a sub-recipient, or a contractor shall participate personally through decisions, approval, disapproval, recommendation, the rendering of advice, investigation, or otherwise in any proceeding, application, request for a ruling or other determination, contract, grant, cooperative agreement, claim, controversy, or other particular matter in which Department of Justice funds are used, where to his/her knowledge, he/she or his/her immediate family, partner, organization other than a public agency in which he/she is serving as an officer, director, trustee, partner, or employee, or any person or organization with whom he/she is negotiating or has any arrangement concerning prospective employment, has a financial interest, or less than an arms-length transaction.

2. Appearance. In the use of Department of Justice project funds, officials or employees of the recipient, a sub-recipient or a contractor, shall avoid any action which might result in, or create the appearance of:

a. Using his or her official position for private gain;
b. Giving preferential treatment to any person;
c. Losing complete independence or impartiality;
d. Making an official decision outside official channels; or
e. Affecting adversely the confidence of the public in the integrity of the government or the program.

ARTICLE XV - GUARD/TRANSPORTATION SERVICES TO MEDICAL FACILITY

1. The Local Government agrees, upon request of the Federal Government in whose custody a prisoner is held, to provide:

a. Transportation and escort guard services for federal prisoners housed at their facility to and from a medical facility for outpatient care, and

b. Transportation and stationary guard services for federal prisoners admitted to a medical facility.

2. Such services will be performed by qualified law enforcement or correctional officer personnel employed by the Local Government under their policies, procedures, and practices. The Local Government agrees to augment such practices as may be requested by the USM to enhance specific requirement for security, prisoner monitoring, visitation, and contraband control.

| Intergovernmental Service Agreement Schedule | IGA No. 84-00-0013 | Page No. 9 of 10 |
|---|---|---|

3. The Local Government will continue to be liable for the actions of its employees while they are transporting federal prisoners on behalf of the USMS. Further, the Local Government will also continue to provide workers' compensation to its employees while they are providing this service. It is further agreed that the local jail employees will continue to act on behalf of the Local Government in providing transportation to federal prisoners on behalf of the USMS.

4. Furthermore, the Local Government agrees to hold harmless and indemnify the USMS and its officials in their official and individual capacities from any liability, including third-party liability or workers' compensation, arising from the conduct of the local jail employees during the course of transporting federal prisoners on behalf of the USMS.

5. The Federal Government agrees to reimburse the Local Government at the rate stipulated on page one (1) of this agreement.

ARTICLE XVI - GUARD/TRANSPORTATION SERVICES TO U.S. COURTHOUSE

1. The Local Government agrees upon request of the USM in whose custody a prisoner is held, to provide transportation and escort guard services for federal prisoners housed at their facility to and from the U.S. Courthouse. The Local Government agrees to the following:

   a. Transportation and escort guard services will be performed by [redacted] officers employed by the Local Government under their policies, procedures, and practices, and will augment such practices as may be requested by the USM to enhance specific requirements for security, prisoner monitoring, and contraband control;

   b. Upon arrival at the courthouse, transportation and escort guard will turn federal prisoners over to Deputy U.S. Marshals only [redacted]

   c. The Local Government will not transport federal prisoners to any U.S. Courthouse without a specific request from the USM who will provide the prisoner's name, the U.S. Courthouse, and the date the prisoner is to be transported.

2. Each prisoner will be restrained [redacted] during transportation.

3. Such services will be performed by qualified law enforcement or correctional officer personnel employed by the Local Government under their policies, procedures, and practices. The Local Government agrees to augment such practices as may be requested by the USM to enhance specific requirements for security, prisoner monitoring, visitation, and contraband control.

4. The Local Government will continue to be liable for the actions of its employees while they are transporting federal prisoners on behalf of the USMS. Further, the Local Government will also continue to provide workers' compensation to its employees while they are providing this service. It is further agreed that the local jail employees will continue to act on behalf of the Local Government in providing transportation to federal prisoners on behalf of the USMS.

| Intergovernmental Service Agreement Schedule | IGA No. 84-00-0013 | Page No. 10 of 10 |
|---|---|---|

5. Furthermore, the Local Government agrees to hold harmless and indemnify the USMS and its officials in their official and individual capacities from any liability, including third-party liability workers' compensation, arising from the conduct of the local jail employees during the course of transporting federal prisoners on behalf of the USMS.

6. The Federal Government agrees to reimburse the Local Government at the rate specified on page one (1) of this agreement.

**U. S. Department of Justice**
**United States Marshals Service**

**Modification of Intergovernmental Agreement**

| **1. Agreement No.** | **2. Effective Date** | **3. Facility Code(s)** | **4. Modification No** | **5. DUNS No.** |
|---|---|---|---|---|
| 84-00-0013 | February 1, 2022 | 3SV | 8 | N/A |

| **6. Issuing Federal Agency** | **7. Local Government** |
|---|---|
| United States Marshals Service<br>Prisoner Operations Division<br>Intergovernmental Agreements Branch<br>CG-3, Suite 300<br>Washington, DC 20530-0001 | CENTRAL VIRGINIA REGIONAL JAIL<br>13021 JAMES MADISON HWY<br>ORANGE VA 22960 |

| **8. Appropriation Data** | **9. Per-Diem Rate** | **10. Guard/Transportation Hourly Rate** |
|---|---|---|
| [redacted] | N/A | N/A |

**11. EXCEPT AS PROVIDED SPECIFICALLY HEREIN, ALL TERMS AND CONDITIONS OF THE IGA DOCUMENT REFERRED TO IN BLOCK 1, REMAIN UNCHANGED. TERMS OF THIS MODIFICATION:**

The purpose of this modification is to add the following revisions to the current IGA:

1. Replacing "Purpose of Agreement and Security Provided" section with Addendum #1 (see attached)
2. Adding new language to "Medical Services" section pertaining to Covid-19 and other infectious diseases (see Addendum #2 attached)
3. Adding "Pregnant or Post-Partum Prisoners" language to all Guard Services' sections (see Addendum #3 attached)
4. Adding new "Video Teleconferencing" section (see Addendum #4 attached)
5. Adding new "Voter Registration" section (see Addendum #5 attached)
6. Adding new "Body Camera Information Requests" section (see Addendum #6 attached)
7. Adding new language to "Restrictive Housing and Suicide Prevention" (see Addendum #7)

**NO OTHER TERMS OR CONDITIONS ARE AFFECTED BY THIS CHANGE**

**12. INSTRUCTIONS TO LOCAL GOVERNMENT FOR EXECUTION OF THIS MODIFICATION:**

A. ☐ LOCAL GOVERNMENT IS NOT REQUIRED TO SIGN THIS DOCUMENT

B. ☒ LOCAL GOVERNMENT IS REQUIRED TO SIGN THIS DOCUMENT AND RETURN ALL COPIES TO U. S. MARSHAL

**13. APPROVALS**

A. L[redacted]

*Signature*

Superintendent — TITLE
5-16-2022 — DATE

B. FEDERAL GOVERNMENT

[redacted] Digitally signed by [redacted]
Date: 2022.05.26 11:44:55 -04'00'

*Signature*

Assistant Chief, Procurement — TITLE
DATE

| **Agreement Number:** 84-00-0013 | **Page 2 of 5** |
|---|---|

**Addendum #1:**

- **Administration**

1. Federal prisoners shall be housed in a manner consistent with the Federal Performance Based Detention Standards (FPBDS) subset utilized by the USMS Detention Facility Review Program. These standards are set forth in Form USM-218 (provided as an attachment to this modification). Facilities shall follow the current standards summarized in Form USM-218 and any other standards required by an authorized agency whose prisoners are housed by the Local Government pursuant to this agreement.
2. The FPBDS can be found at: http://www.usmarshals.gov/prisoner/detention-standards.htm
3. CENTRAL VIRGINIA REGIONAL JAIL shall comply with Congressional mandates, federal laws, Executive Orders and all existing CENTRAL VIRGINIA REGIONAL JAIL policies. CENTRAL VIRGINIA REGIONAL JAIL shall provide a means for verification of any state inspections, accreditation, and, if applicable, any alternative correctional facility accreditations such as an accreditation from the American Correctional Association accreditation.
4. All work assignments for unsentenced Federal prisoners must be voluntary.
5. The Local Government shall conduct initial and periodic background and reference checks of applicants, employees, contractors, and volunteers. All allegations of staff misconduct shall be investigated and reported to law enforcement as appropriate. Staff misconduct involving or affecting USMS prisoners shall be reported to the local district United States Marshal (USM), Chief, or their designee and to the USMS Prisoner Operations Division (POD) at [redacted]
6. The Local Government shall maintain written policies and procedures that describe all facets of facility operations, maintenance, and administration. The Local Government shall maintain written contingency and emergency plans for situations including but not limited to riots, hunger strikes, disturbances, escapes, hostage situations, and mass prisoner relocation.
7. The Local Government shall maintain records of annual fire safety inspections. The Local Government shall maintain dangerous materials in accordance with government regulations.
8. The Local Government shall maintain an objective review, classification, and housing process. Federal prisoners shall be clearly identified as USMS prisoners in the classification system.
9. The Local Government shall ensure Federal prisoners under the age of 18 receive an age-appropriate diet, exercise, and education.
10. The Local Government shall ensure Federal prisoners under the age of 18 or charged as a juvenile shall be separated by sight and sound and out of regular contact with adult prisoners, except in emergency situations or approval from the court.
11. The Local Government shall keep the Facility clean and in good repair. Food service equipment shall meet established health and safety codes. The Local Government shall provide a minimum of three (3) meals per day that are varied and nutritionally adequate. The Local Government shall provide safe and clean space and items for proper prisoner hygiene.
12. The Local Government will provide clean and serviceable bedding and clothing. Clothing and shoes shall be properly sized and temperature and weather appropriate. The Local government shall provide appropriate attire upon release.
13. The Local Government shall properly inventory, store, and return prisoner property upon release.
14. The Local Government shall provide adequate accommodations for prisoners with disabilities once accepted by the Local Government.
15. The Local Government shall prohibit discrimination on the basis of disability, race, gender, sexual orientation, religion, and national origin in the provision of services, programs, and activities.

| **Agreement Number:** 84-00-0013 | **Page 3 of 5** |
|---|---|

16. The Local Government shall provide prisoners with reasonable opportunities to participate in religious practices, exercise, and access to mail, telephones, personal legal materials and legal reference materials or confidential counsel.
17. The Local Government shall maintain a grievance program with at least one level of appeal. The grievance procedures shall be made available to prisoners

## Addendum #2

- **Medical Services**
  1. The Local Government shall maintain written procedures that describe actions taken in the event of a prisoner's death, assault, or medical emergency to include notification to the USMS.
  2. The Local Government shall provide a medical and mental health screening upon admission to the Facility. The Local Government shall inform prisoners how to access health services.
  3. *The Local Government shall notify the local USMS district office of any infectious disease outbreak*
  4. The Facility is encouraged to purchase non-OTC medications for USMS prisoners through the USMS' National Managed Care Contract (NMCC) Discount Pharmacy Program.
  5. The USMS will not reimburse the detention facility for medical payments made on behalf of USMS prisoners in the absence of a specific arrangement approved in writing by the USMS.
  6. The Facility shall have in place an adequate infectious disease control program which includes testing of all Federal prisoners for Tuberculosis (TB) in accordance with *National Commission on Correctional Health Care (NCCHC) Standards for Health Services in Jails.* TB testing shall occur with 14 days of intake (unless current TB tests results are available), be promptly documented in the Federal prisoner's medical record and the results forwarded to the local USMS District within thirty (30) days of intake. Special requests for expedited TB testing and clearance (to include time sensitive moves) shall be accomplished through advance coordination by the Federal Government and Local Government.
  7. The Local Government shall immediately notify the Federal Government to include the local district office of any cases of suspected or active TB or any other highly communicable diseases such as but not limited to Coronavirus Disease (COVID), severe acute respiratory syndrome (SARS), Avian Flu, Methicillin-Resistant Staphylococcus Aureus (MRSA), Chicken Pox, etc., which might affect scheduled transports or productions.
  8. Indigent Federal prisoners shall not be denied medical evaluation and treatment for failure to provide a co-payment

## Addendum #3

- **Optional Guard/Transportation Services to/from Medical Facility**
  1. The Local Government agrees to provide additional personnel if requested by the USMS to enhance specific requirements for security, prisoner monitoring, and contraband control. Federal prisoners are not permitted to use the telephone, internet or WIFI enabled devices, or to receive outside food, drinks, or deliveries (including flowers) without consent from the USMS. The Local Government shall restrain Federal prisoners [redacted] when medically possible. Pregnant or postpartum prisoners should not be restrained. Postpartum is the twelve-week period following childbirth, miscarriage, or abortion. See First Step Act provision for more information.

| **Agreement Number:** 84-00-0013 | **Page 4 of 5** |
|---|---|

- **Optional Guard/Transportation Services to/from U.S. Courthouse**
  1. Each prisoner will be fully restrained [redacted] during transportation unless otherwise authorized by the USMS. Pregnant or postpartum prisoners should not be restrained. Postpartum is the twelve-week period following childbirth, miscarriage, or abortion. See First Step Act provision for more information. Deviations from full restraints must be documented and reported monthly to the local district USM, Chief, or their designee and to the USMS POD at [redacted]

- **Optional Guard/Transportation Services to Justice Prisoner & Alien Transportation System (JPATS)**
  1. Each prisoner will be fully restrained [redacted] during transportation unless otherwise authorized by the USMS. Pregnant or postpartum prisoners should not be restrained. Postpartum is the twelve-week period following childbirth, miscarriage, or abortion. See First Step Act provision for more information. Deviations from full restraints must be documented and reported monthly to the local district USM, Chief, or their designee and to the USMS POD at [redacted]

- **Optional Guard Services to Video Teleconference Hearings within Facility**
  1. Each prisoner will be fully restrained [redacted] during transportation unless otherwise authorized by the USMS. Pregnant or postpartum prisoners should not be restrained. Postpartum is the twelve-week period following childbirth, miscarriage, or abortion. See First Step Act provision for more information. Deviations from full restraints must be documented and reported monthly to the local district USM, Chief, or their designee and to the USMS POD at [redacted]

**Addendum #4**

- **Video Teleconference Hearings within the Facility**
  1. If available, the facility shall furnish, as applicable to this agreement, all things necessary for, or incident to, providing Video Teleconference (VTC) hearings within the facility. When VTC equipment is not available at the facility, the Federal Government, in coordination with the Courts, may assist with providing VTC equipment and ancillary items to the facility.

**Addendum #5**

- **Ensuring Access to Voter Registration for Eligible Individuals in Federal Custody**
  1. The facility, to the extent practicable and appropriate, will provide federal prisoners educational materials related to voter registration and voting and, upon request by the federal prisoner, facilitate voting by mail by prisoners who are eligible to vote under the laws of the applicable jurisdiction. The facility will work with state and local election officials and, in appropriate circumstances, may also work with other reliable sources of voter information to assist federal prisoners with voter registration, voting by mail, and notification of upcoming elections. This clause does not endorse or advocate in support of or in opposition to any candidate or political party.

**U. S. Department of Justice**
**United States Marshals Service**

**Modification of Intergovernmental Agreement**

| **Agreement Number:** 84-00-0013 | **Page 5 of 5** |
| --- | --- |

**Addendum #6**

- **Body Worn Camera Information Requests**
  1. If the Local Government adopts a Body Worn Camera (BWC) use policy that mandates use of BWC for transport or other activities covered under the IGA, the agency shall, upon request by USMS, provide USMS with the audio/video footage and any metadata captured by the BWC pertaining to USMS prisoner incidents. The audio/video footage and any metadata may be requested by the USMS Body Worn Camera Program and the USMS Office of General Counsel. The agency agrees that no BWC footage depicting a USMS prisoner will be released without advance written notification to the USMS.

**Addendum #7**

- **Restrictive Housing and Suicide Prevention**
  1. For the purposes of this agreement, "vulnerable population" refers to prisoners who are more likely to be victimized in confinement settings, including but not limited to: juveniles [redacted]

**NO OTHER TERMS OR CONDITIONS ARE AFFECTED BY THIS CHANGE**