# DEX 5

**U. S. Department of Justice**
**United States Marshals Service**

**Detention Services**
**Intergovernmental Agreement**

| 1. Agreement Number | 2. Effective Date | 3. Facility Code(s) | 4. DUNS Number |
|---|---|---|---|
| 83-01-0037 | See Block 19. | 3NQ | 01-330-0186 |

**5. Issuing Federal Agency**
United States Marshals Service
Witness Security & Prisoner Operations Division
Programs & Assistance Branch
Washington, DC 20530-1000

**6. Local Government**
Rappahannock Regional Jail
1745 Jefferson Davis Highway
Stafford, VA 22554

Tax ID#: [redacted]

**7. Appropriation Data**
[redacted]

**8. Local Contact Person**
[redacted]

| Services | Number of Federal Beds | Per-Diem Rate |
|---|---|---|
| 10. This agreement is for the housing, safekeeping, and subsistence of federal prisoners, in accordance with content set forth herein. | 11. Male: 125 Female: 25 (Estimated Federal Beds) | 12. $60 |

**13. Optional Guard/Transportation Services:**

☒ Medical Services

☒ U.S. Courthouse

**14.**

Guard Hour Rate: $18

Mileage shall be reimbursed by the Federal Government at the GSA Federal Travel Regulation Mileage Rate.

**15. Local Government Certification**

*To the best of my knowledge and belief, information submitted in support of this agreement is true and correct, this document has been duly authorized by the governing of the Department or Agency and the Department or Agency will comply with all provisions set forth herein.*

**16. Signature of Person Authorized to Sign (Local)**

[redacted]
Signature

[redacted]
Name

Superintendent 4/11/08
Title Date

**17. Prisoner and Detainee Type Authorized**

☒ Adult Male

☒ Adult Female

☐ Juvenile Male

☐ Juvenile Female

**18. Other Authorized Agency User**

☐ BOP

☒ ICE

**19. Signature of Person Authorized to Sign (Federal)**

[redacted]
Signature

[redacted]
Name of Person Authorized to Sign
Name

[redacted]
Title of Person Authorized to Sign 5/20/08
Title Date

Authority .......... 3
Purpose of Agreement and Security Provided .......... 3
Period of Performance .......... 3
Assignment and Outsourcing of Jail Operations .......... 4
Medical Services .......... 4
Receiving and Discharge of Federal Detainees .......... 5
Optional Guard/Transportation Services to Medical .......... 6
Optional Guard/Transportation Services to U.S. Courthouse .......... 7
Special Notifications .......... 7
Service Contract Act .......... 8
Per-Diem Rate .......... 8
Billing and Financial Provisions .......... 9
Payment Procedures .......... 10
Modifications and Disputes .......... 10
Inspection of Services .......... 10
Litigation .......... 10

**Authority**

Pursuant to the authority of Section 119 of the Department of Justice Appropriations Acts of 2001 (Public Law 106-553), this Agreement is entered into between the United States Marshals Service (hereinafter referred to as the "Federal Government") and the Rappahannock Regional Jail (hereinafter referred to as "Local Government"), who hereby agree as follows:

**Purpose of Agreement and Security Provided**

The Federal Government and the Local Government establish this Agreement that allows the United States Marshals Service (USMS) to house federal detainees with the Local Government at the Rappahannock Regional Jail, 1745 Jefferson Davis Highway, Stafford, VA 22554 (hereinafter referred to as "the facility").

The population, hereinafter referred to as "federal detainees," will include individuals charged with federal offenses and detained while awaiting trial, individuals who have been sentenced and are awaiting designation and transport to a BOP facility, and individuals who are awaiting a hearing on their immigration status or deportation.

The Local Government shall accept and provide for the secure custody, safekeeping, housing, subsistence and care of federal detainees in accordance with all state and local laws, standards, regulations, policies and court orders applicable to the operation of the facility. Detainees shall also be housed in a manner that is consistent with federal law and the Federal Performance-based Detention Standards.

At all times, the Federal Government shall have access to the facility and to the federal detainees housed there, and to all records pertaining to this Agreement, including financial records, for a period going back 3 years from the date of request by the Federal Government.

**Period of Performance**

This Agreement is effective upon the date of signature of both parties, and remains in effect unless terminated by either party with written notice. The Local Government shall provide no less than 120 calendar days notice of their intent to terminate. Where the Local Government has received a Cooperative Agreement Program (CAP) award, the termination provisions of the CAP prevail.

**Assignment and Outsourcing of Jail Operations**

Overall management and operation of the facility housing federal detainees may not be contracted out without the prior express written consent of the Federal Government.

**Medical Services**

The Local Government shall provide federal detainees with the full range of medical care **inside** the detention facility. The level of care inside the facility should be the same as that provided to state and local detainees. The Local Government is financially responsible for all medical care provided **inside** the facility to federal detainees. This includes the cost of all medical, dental, and mental health care as well as the cost of medical supplies, over the counter prescriptions and, any prescription medications routinely stocked by the facility which are provided to federal detainees. The cost of all of the above referenced medical care is covered by the federal per diem rate. However, if dialysis is provided within the facility, the Federal Government will pay for the cost of that service.

The Federal Government is financially responsible for all medical care provided **outside** the facility to federal detainees. The Federal Government must be billed directly by the medical care provider **not** the Local Government. In order to ensure that Medicare rates are properly applied, medical claims for federal detainees must be on Centers for Medicare and Medicaid (CMS) Forms in order to be re-priced at Medicare rates in accordance with Title 18, USC Section 4006. The Local Government is required to immediately forward all medical claims for federal detainees to the Federal Government for processing.

All **outside** medical care provided to federal detainees must be pre-approved by the Federal Government. In the event of an emergency, the Local Government shall proceed immediately with necessary medical treatment. In such an event, the Local Government shall notify the Federal Government immediately regarding the nature of the federal detainee's illness or injury as well as the types of treatment provided.

Medical care for federal detainees shall be provided by the Local Government in accordance with the provisions of USMS, Publication 100-Prisoner Health Care Standards (www.usmarshals.gov/prisoner/standards.htm) and in compliance with USMS Inspection Guidelines, USM 218 Detention Facility Investigative

Report. The Local Government is responsible for all associated medical record keeping.

The facility shall have in place an adequate infectious disease control program which includes testing of all federal detainees for Tuberculosis (TB) as soon as possible after intake (not to exceed 14 days). When Purified Protein Derivative (PPD) skin tests are utilized, they shall be read between 48 and 72 hours after placement.

TB testing shall be accomplished in accordance with the latest Centers for Disease Control (CDC) Guidelines and the result promptly documented in the federal detainee's medical record. Special requests for expedited TB testing and clearance (to include time sensitive moves) will be accomplished through advance coordination by the Federal Government and Local Government.

The Local Government shall immediately notify the Federal Government of any cases of suspected or active TB or any other highly communicable disease such as Severe Acute Respiratory Syndrome (SARS), Avian Flu, Methicillin-resistant *Staphylococcus Aureus (MRSA)*, Chicken Pox, etc., which might affect scheduled transports or productions so that protective measures can be taken by the Federal Government.

When a federal detainee is being transferred and/or released from the facility, they will be provided with seven days of prescription medication which will be dispensed from the facility. When possible, generic medications should be prescribed. Medical records must travel with the federal detainee. If the records are maintained at a medical contractor's facility, it is the Local Government's responsibility to obtain them before a federal detainee is moved.

Federal detainees may be charged a medical co-payment by the Local Government in accordance with the provisions of Title 18, USC Section 4013(d). The Federal Government is not responsible for medical co-payments and cannot be billed for these costs even for indigent federal prisoners.

**Receiving and Discharge of Federal Detainees**

The Local Government agrees to accept federal detainees [redacted]

The Local Government shall not relocate a federal detainee from one facility under its control to another facility not described in this Agreement without permission of the Federal Government.

The Local Government agrees to release federal detainees only to law enforcement officers of the Federal Government agency initially committing the federal detainee [redacted] Those federal detainees who are remanded to custody by a DUSM may only be released to a DUSM or [redacted]

USMS federal detainees sought for a state or local court proceeding must be acquired through a Writ of Habeas Corpus or the Interstate Agreement on Detainers and then only with the concurrence of the district United States Marshal (USM).

**Optional Guard/Transportation Services to Medical Facility**

If Medical Services in block 13 on page (1) of this Agreement is checked, the Local Government agrees, subject to the availability of its personnel, to provide transportation and escort guard services for federal detainees housed at their facility to and from a medical facility for outpatient care, and transportation and stationary guard services for federal detainees admitted to a medical facility.

These services should be performed by [redacted] qualified law enforcement or correctional officer personnel. If the Local Government is unable to meet this requirement, the Local Government may seek a waiver of this requirement from the local U.S. Marshal.

The Local Government agrees to augment this security escort if requested by the USM to enhance specific requirement for security, prisoner monitoring, visitation, and contraband control.

If an hourly rate for these services has been agreed upon to reimburse the Local Government it will be stipulated on page (1) of this Agreement. After 36 months, if a rate adjustment is desired, the Local Government shall submit a request. Mileage shall be reimbursed in accordance with the current GSA mileage rate.

**Optional Guard/Transportation Services to U.S. Courthouse**

If U.S. Courthouse in block 13 on page (1) of this Agreement is checked, the Local Government agrees, subject to the availability of its personnel, to provide transportation and escort guard services for federal detainees housed at its facility to and from the U.S. Courthouse.

These services should be performed by [redacted] qualified law enforcement or correctional officer personnel. If the Local Government is unable to meet this requirement, the Local Government may seek a waiver of this requirement from the local U.S. Marshal.

The Local Government agrees to augment this security escort if requested by the USM to enhance specific requirements for security, detainee monitoring, and contraband control.

Upon arrival at the courthouse, the Local Government's transportation and escort guard will turn federal detainees over to a DUSM only [redacted]

The Local Government will not transport federal detainees to any U.S. Courthouse without a specific request from the USM who will provide the detainee's name, the U.S. Courthouse, and the date the detainee is to be transported.

Each detainee will be restrained [redacted] during transportation.

If an hourly rate for these services has been agreed upon to reimburse the Local Government it will be stipulated on page (1) of this Agreement. After 36 months, if a rate adjustment is desired, the Local Government shall submit a request. Mileage shall be reimbursed in accordance with the current GSA mileage rate.

**Special Notifications**

The Local Government shall notify the Federal Government of any activity by a federal detainee which would likely result in litigation or alleged criminal activity.

The Local Government shall immediately notify the Federal Government of an escape of a federal detainee. The Local Government shall use all reasonable means to apprehend the escaped federal detainee and all reasonable costs in connection therewith shall be borne by the Local Government. The Federal Government shall have primary responsibility and authority to direct the pursuit and capture of such escaped federal

detainees. Additionally, the Local Government shall notify the Federal Government as soon as possible when a federal detainee is involved in an attempted escape or conspiracy to escape from the facility.

In the event of the death or assault of a federal detainee, the Local Government shall immediately notify the Federal Government.

**Service Contract Act**

This Agreement incorporates the following clause by reference, with the same force and effect as if it was given in full text. Upon request, the full text will be made available. The full text of this provision may be accessed electronically at this address: **www.arnet.gov.**

Federal Acquisition Regulation Clause(s):

52.222-41 Service Contract Act of 1965, as Amended (July 2005)

52.222-42 Statement of Equivalent Rates for Federal Hires (May 1989)

52.222-43 Fair Labor Standards Act and the Service Contract Act – Price Adjustment (Multiyear and Option Contracts) (May 1989)

The current Local Government wage rates shall be the prevailing wages unless notified by the Federal Government.

**Per-Diem Rate**

The Federal Government will use various price analysis techniques and procedures to ensure the per-diem rate established by this Agreement is considered a fair and reasonable price. Examples of such techniques include, but are not limited to, the following:

1. Comparison of the requested per-diem rate with the independent government estimate for detention services, otherwise known has the Core Rate;

2. Comparison with per-diem rates at other state or local facilities of similar size and economic conditions;

3. Comparison of previously proposed prices and previous Federal Government and commercial contract prices with current proposed prices for the same or similar items;

4. Evaluation of the provided jail operating expense information;

The firm-fixed per-diem rate for services is $60.00, and shall not be subject to adjustment on the basis of Rappahannock Regional Jail

actual cost experience in providing the service. The per-diem rate shall be fixed for a period from the effective date of the Agreement forward for 36 months. The per-diem rate covers the support of one federal detainee per "federal detainee day", which shall include the day of arrival, but not the day of departure.

After 36 months, if a rate adjustment is desired, the Local Government shall submit a request through the Electronic Intergovernmental Agreements area of the Detention Services Network (DSNetwork). All information pertaining to the jail on DSNetwork will be required before a new per-diem rate can be considered.

**Billing and Financial Provisions**

The Local Government shall prepare and submit for certification and payment, original and separate invoices each month to each Federal Government component responsible for federal detainees housed at the facility.

Addresses for the components are:

United States Marshals Service
Albert V. Bryan, Sr. U.S. Courthouse
401 Courthouse Square
Alexandria, VA 22314-5785
(703) 274-2013

Immigration & Customs Enforcement
Eastern Regional Office
Detention & Deportation Division
70 Kimball Avenue
S. Burlington, VT 05403-6813
(802) 951-6428

To constitute a proper monthly invoice, the name and address of the facility, the name of each federal detainee, their specific dates of confinement, the total days to be paid, the appropriate per diem rate as approved in the Agreement, and the total amount billed (total days multiplied by the rate per day) shall be listed, along with the name, title, complete address and telephone number of the Local Government official responsible for invoice preparation.

Nothing contained herein shall be construed to obligate the Federal Government to any expenditure or obligation of funds in excess of, or in advance of, appropriations in accordance with the Anti-Deficiency Act, 31 U.S.C. 1341.

**Payment Procedures**

The Federal Government will make payments to the Local Government on a monthly basis, promptly after receipt of an appropriate invoice. The Local Government shall provide a remittance address below:

Rappahannock Regional Jail
1745 Jefferson Davis Highway, Stafford, VA 22554

**Modifications and Disputes**

Either party may initiate a request for modification to this Agreement in writing. All modifications negotiated will be effective only upon written approval of both parties.

Disputes, questions, or concerns pertaining to this Agreement will be resolved between appropriate officials of each party. Both the parties agree that they will use their best efforts to resolve the dispute in an informal fashion through consultation and communication, or other forms of non-binding alternative dispute resolution mutually acceptable to the parties.

**Inspection of Services**

The Local Government agrees to allow periodic inspections of the facility by Federal Government inspectors. Findings of the inspection will be shared with the facility administrator in order to promote improvements to facility operations, conditions of confinement, and levels of services.

**Litigation**

The Federal Government shall be notified, in writing, of all litigation pertaining to this Agreement and provided copies of any pleadings filed or said litigation within 5 working days of the filing.

The Local Government shall cooperate with the Federal Government legal staff and/or the United States Attorney regarding any requests pertaining to Federal Government or Local Government litigation.

**U. S. Department of Justice**
**United States Marshals Service**

**Modification of Intergovernmental Agreement**

| **1. Agreement No.** | **2. Effective Date** | **3. Facility Code(s)** | **4. Modification No.** | **5. DUNS No.** |
|---|---|---|---|---|
| 83-01-0037 | February 1, 2022 | 3NQ | 4 | N/A |

| **6. Issuing Federal Agency** | **7. Local Government** |
|---|---|
| United States Marshals Service<br>Prisoner Operations Division<br>Intergovernmental Agreements Branch<br>CG-3, Suite 300<br>Washington, DC 20530-0001 | RAPPAHANNOCK REGIONAL JAIL<br>1745 JEFFERSON DAVIS HWY<br>STAFFORD, VA 22554 |

| **8. Appropriation Data** | **9. Per-Diem Rate** | **10. Guard/Transportation Hourly Rate** |
|---|---|---|
| [redacted] | N/A | N/A |

**11. EXCEPT AS PROVIDED SPECIFICALLY HEREIN, ALL TERMS AND CONDITIONS OF THE IGA DOCUMENT REFERRED TO IN BLOCK 1, REMAIN UNCHANGED. TERMS OF THIS MODIFICATION:**

The purpose of this modification is to add the following revisions to the current IGA:

1. Replacing "Purpose of Agreement and Security Provided" section with Addendum #1 (see attached)
2. Adding new language to "Medical Services" section pertaining to Covid-19 and other infectious diseases (see Addendum #2 attached)
3. Adding "Pregnant or Post-Partum Prisoners" language to all Guard Services' sections (see Addendum #3 attached)
4. Adding new "Video Teleconferencing" section (see Addendum #4 attached)
5. Adding new "Voter Registration" section (see Addendum #5 attached)
6. Adding new "Body Camera Information Requests" section (see Addendum #6 attached)
7. Adding new language to "Restrictive Housing and Suicide Prevention" (see Addendum #7)

**NO OTHER TERMS OR CONDITIONS ARE AFFECTED BY THIS CHANGE**

**12. INSTRUCTIONS TO LOCAL GOVERNMENT FOR EXECUTION OF THIS MODIFICATION:**

A. ☐ LOCAL GOVERNMENT IS NOT REQUIRED TO SIGN THIS DOCUMENT

B. ☒ LOCAL GOVERNMENT IS REQUIRED TO SIGN THIS DOCUMENT AND RETURN ALL COPIES TO U. S. MARSHAL

**13. APPROVALS**

| A. LOCAL GOVERNMENT | B. FEDERAL GOVERNMENT |
|---|---|
| [redacted]<br>*Signature* | [redacted]<br>*Signature* |
| [redacted] 07/08/2022<br>TITLE DATE | Assistant Chief, Procurement<br>TITLE DATE |

**U. S. Department of Justice**
**United States Marshals Service**

**Modification of Intergovernmental Agreement**

| **Agreement Number:** 83-01-0037 | **Page 2 of 5** |
| --- | --- |

**Addendum #1:**

- **Administration**

1. Federal prisoners shall be housed in a manner consistent with the Federal Performance Based Detention Standards (FPBDS) subset utilized by the USMS Detention Facility Review Program. These standards are set forth in Form USM-218 (provided as an attachment to this modification). Facilities shall follow the current standards summarized in Form USM-218 and any other standards required by an authorized agency whose prisoners are housed by the Local Government pursuant to this agreement.
2. The FPBDS can be found at: http://www.usmarshals.gov/prisoner/detention-standards.htm
3. RAPPAHANNOCK REGIONAL JAIL shall comply with Congressional mandates, federal laws, Executive Orders and all existing RAPPAHANNOCK REGIONAL JAIL policies. RAPPAHANNOCK REGIONAL JAIL shall provide a means for verification of any state inspections, accreditation, and, if applicable, any alternative correctional facility accreditations such as an accreditation from the American Correctional Association accreditation.
4. All work assignments for unsentenced Federal prisoners must be voluntary.
5. The Local Government shall conduct initial and periodic background and reference checks of applicants, employees, contractors, and volunteers. All allegations of staff misconduct shall be investigated and reported to law enforcement as appropriate. Staff misconduct involving or affecting USMS prisoners shall be reported to the local district United States Marshal (USM), Chief, or their designee and to the USMS Prisoner Operations Division (POD) at [redacted]
6. The Local Government shall maintain written policies and procedures that describe all facets of facility operations, maintenance, and administration. The Local Government shall maintain written contingency and emergency plans for situations including but not limited to riots, hunger strikes, disturbances, escapes, hostage situations, and mass prisoner relocation.
7. The Local Government shall maintain records of annual fire safety inspections. The Local Government shall maintain dangerous materials in accordance with government regulations.
8. The Local Government shall maintain an objective review, classification, and housing process. Federal prisoners shall be clearly identified as USMS prisoners in the classification system.
9. The Local Government shall ensure Federal prisoners under the age of 18 receive an age-appropriate diet, exercise, and education.
10. The Local Government shall ensure Federal prisoners under the age of 18 or charged as a juvenile shall be separated by sight and sound and out of regular contact with adult prisoners, except in emergency situations or approval from the court.
11. The Local Government shall keep the Facility clean and in good repair. Food service equipment shall meet established health and safety codes. The Local Government shall provide a minimum of three (3) meals per day that are varied and nutritionally adequate. The Local Government shall provide safe and clean space and items for proper prisoner hygiene.
12. The Local Government will provide clean and serviceable bedding and clothing. Clothing and shoes shall be properly sized and temperature and weather appropriate. The Local government shall provide appropriate attire upon release.
13. The Local Government shall properly inventory, store, and return prisoner property upon release.
14. The Local Government shall provide adequate accommodations for prisoners with disabilities once accepted by the Local Government.
15. The Local Government shall prohibit discrimination on the basis of disability, race, gender, sexual orientation, religion, and national origin in the provision of services, programs, and activities.

| Agreement Number: 83-01-0037 | Page 3 of 5 |
|---|---|

16. The Local Government shall provide prisoners with reasonable opportunities to participate in religious practices, exercise, and access to mail, telephones, personal legal materials and legal reference materials or confidential counsel.
17. The Local Government shall maintain a grievance program with at least one level of appeal. The grievance procedures shall be made available to prisoners

## Addendum #2

- **Medical Services**

1. The Local Government shall maintain written procedures that describe actions taken in the event of a prisoner's death, assault, or medical emergency to include notification to the USMS.
2. The Local Government shall provide a medical and mental health screening upon admission to the Facility. The Local Government shall inform prisoners how to access health services.
3. *The Local Government shall notify the local USMS district office of any infectious disease outbreak*
4. The Facility is encouraged to purchase non-OTC medications for USMS prisoners through the USMS' National Managed Care Contract (NMCC) Discount Pharmacy Program.
5. The USMS will not reimburse the detention facility for medical payments made on behalf of USMS prisoners in the absence of a specific arrangement approved in writing by the USMS.
6. The Facility shall have in place an adequate infectious disease control program which includes testing of all Federal prisoners for Tuberculosis (TB) in accordance with *National Commission on Correctional Health Care (NCCHC) Standards for Health Services in Jails*. TB testing shall occur with 14 days of intake (unless current TB tests results are available), be promptly documented in the Federal prisoner's medical record and the results forwarded to the local USMS District within thirty (30) days of intake. Special requests for expedited TB testing and clearance (to include time sensitive moves) shall be accomplished through advance coordination by the Federal Government and Local Government.
7. The Local Government shall immediately notify the Federal Government to include the local district office of any cases of suspected or active TB or any other highly communicable diseases such as but not limited to Coronavirus Disease (COVID), severe acute respiratory syndrome (SARS), Avian Flu, Methicillin-Resistant Staphylococcus Aureus (MRSA), Chicken Pox, etc., which might affect scheduled transports or productions.
8. Indigent Federal prisoners shall not be denied medical evaluation and treatment for failure to provide a co-payment

## Addendum #3

- **Optional Guard/Transportation Services to/from Medical Facility**

1. The Local Government agrees to provide additional personnel if requested by the USMS to enhance specific requirements for security, prisoner monitoring, and contraband control. Federal prisoners are not permitted to use the telephone, internet or WIFI enabled devices, or to receive outside food, drinks, or deliveries (including flowers) without consent from the USMS. The Local Government shall restrain Federal prisoners [redacted] Pregnant or postpartum prisoners should not be restrained. Postpartum is the twelve-week period following childbirth, miscarriage, or abortion. See First Step Act provision for more information.

| Agreement Number: 83-01-0037 | Page 4 of 5 |
|---|---|

- **Optional Guard/Transportation Services to/from U.S. Courthouse**
  1. Each prisoner will be fully restrained [redacted] during transportation unless otherwise authorized by the USMS. Pregnant or postpartum prisoners should not be restrained. Postpartum is the twelve-week period following childbirth, miscarriage, or abortion. See First Step Act provision for more information. Deviations from full restraints must be documented and reported monthly to the local district USM, Chief, or their designee and to the USMS POD at [redacted]

- **Optional Guard/Transportation Services to Justice Prisoner & Alien Transportation System (JPATS)**
  1. Each prisoner will be fully restrained [redacted] during transportation unless otherwise authorized by the USMS. Pregnant or postpartum prisoners should not be restrained. Postpartum is the twelve-week period following childbirth, miscarriage, or abortion. See First Step Act provision for more information. Deviations from full restraints must be documented and reported monthly to the local district USM, Chief, or their designee and to the USMS POD at [redacted]

- **Optional Guard Services to Video Teleconference Hearings within Facility**
  1. Each prisoner will be fully restrained [redacted] transportation unless otherwise authorized by the USMS. Pregnant or postpartum prisoners should not be restrained. Postpartum is the twelve-week period following childbirth, miscarriage, or abortion. See First Step Act provision for more information. Deviations from full restraints must be documented and reported monthly to the local district USM, Chief, or their designee and to the USMS POD at [redacted]

**Addendum #4**

- **Video Teleconference Hearings within the Facility**
  1. If available, the facility shall furnish, as applicable to this agreement, all things necessary for, or incident to, providing Video Teleconference (VTC) hearings within the facility. When VTC equipment is not available at the facility, the Federal Government, in coordination with the Courts, may assist with providing VTC equipment and ancillary items to the facility.

**Addendum #5**

- **Ensuring Access to Voter Registration for Eligible Individuals in Federal Custody**
  1. The facility, to the extent practicable and appropriate, will provide federal prisoners educational materials related to voter registration and voting and, upon request by the federal prisoner, facilitate voting by mail by prisoners who are eligible to vote under the laws of the applicable jurisdiction. The facility will work with state and local election officials and, in appropriate circumstances, may also work with other reliable sources of voter information to assist federal prisoners with voter registration, voting by mail, and notification of upcoming elections. This clause does not endorse or advocate in support of or in opposition to any candidate or political party.

**U. S. Department of Justice**
**United States Marshals Service**

**Modification of Intergovernmental Agreement**

| **Agreement Number:** 83-01-0037 | **Page 5 of 5** |
|---|---|

**Addendum #6**

- **Body Worn Camera Information Requests**
  1. If the Local Government adopts a Body Worn Camera (BWC) use policy that mandates use of BWC for transport or other activities covered under the IGA, the agency shall, upon request by USMS, provide USMS with the audio/video footage and any metadata captured by the BWC pertaining to USMS prisoner incidents. The audio/video footage and any metadata may be requested by the USMS Body Worn Camera Program and the USMS Office of General Counsel. The agency agrees that no BWC footage depicting a USMS prisoner will be released without advance written notification to the USMS.

**Addendum #7**

- **Restrictive Housing and Suicide Prevention**
  1. For the purposes of this agreement, "vulnerable population" refers to prisoners who are more likely to be victimized in confinement settings, including but not limited to: [redacted]

**NO OTHER TERMS OR CONDITIONS ARE AFFECTED BY THIS CHANGE**